IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| TASHA HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 8:11-cv-3107 |
| vs. | ) | |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, TASHA HENDERSON, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, NATIONAL CREDIT SYSTEMS, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Gaithersburg, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Georgia, which is not licensed to do business in Maryland and which has its principal place of business in Atlanta, Georgia.

## ALLEGATIONS

8. During the calendar year of 2011, Defendant's representatives, employees and/or agents, including, but not limited to, a woman who represented herself as "Ms. Tillman," began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

9. Defendant's representatives, employees and/or agents failed to identify themselves as debt collectors during each and every communication with Plaintiff.

10. Defendant's representatives, employees and/or agents also failed to provide meaningful disclosure of their identities during each and every communication with Plaintiff.

11. Despite the fact that they knew how to contact Plaintiff directly, Defendant's representatives, employees and/or agents left multiple messages for Plaintiff on a general voice mail box at Plaintiff's place of employment.

12. Said voice mail messages were accessible to Plaintiff's co-workers and disclosed not only the name of the Defendant company, but also that Plaintiff owed an alleged debt. One

message stated, in part, "Pay your bills, Tasha," and another message contained a request for a call back from Plaintiff's employer's "payroll department."

13. Defendant's representatives, employees and/or agents continued to contact Plaintiff at her place of employment even after they were notified that Plaintiff's employer did not permit her to receive calls of that nature while she was working.

13. Furthermore, Ms. Tillman used abusive language with Plaintiff during multiple conversations, making statements such as "Pay your bills, damn it," and "I will call you as many times as I want to."

14. Defendant failed to provide Plaintiff with the notice of her rights, as required by 15 U.S.C. § 1692g(a).

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of the Defendant company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owed an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

    d. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such

        phone calls while she was working, in violation of 15 U.S.C. § 1692c(a)(3);

    e.    Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

    f.    Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

    g.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    h.    Placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

    i.    Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

    j.    Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

    k.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TASHA HENDERSON, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

_____/s/_____
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com